Appeal by the defendant from a judgment of the County Court, Orange County (Berry, J.), rendered August 17, 2011, as amended September 12, 2011, convicting him of attempted murder in the second degree and conspiracy in the second degree, upon his plea of guilty, and imposing sentence.
Ordered that the judgment is reversed, on the law, the defendant’s plea of guilty is vacated, and the matter is remitted to the County Court, Orange County, for further proceedings in accordance herewith.
In his pro se supplemental brief, the defendant contends that his plea of guilty was not knowingly, voluntarily, and intelligently entered because the County Court, inter alia, failed to advise him of the period of postrelease supervision that would be a component of his sentence. Contrary to the People’s contention, under the circumstances of this case, this claim is not foreclosed based on the defendant’s failure to make a postallocution motion to withdraw his plea of guilty (see People v Louree, 8 NY3d 541 [2007]), or as a result of his failure to object when the court imposed a sentence which included a period of postrelease supervision (see People v McAlpin, 17 NY3d 936, 938 [2011]). We agree with the defendant’s contention, and, accordingly, we reverse the judgment, vacate the defendant’s plea of guilty, and remit the matter to the County Court, Orange County, for further proceedings.
The defendant appeared before the County Court on June 30, 2011, for plea proceedings. The court observed that the top count of the consolidated indictment charged the defendant with attempted murder in the second degree, which could result in a maximum determinate sentence of 25 years of imprisonment to be followed by five years of postrelease supervision. *1000 The court further observed that the count charging the defendant with conspiracy in the second degree could result in a maximum indeterminate term of imprisonment of 8Vs to 25 years. The defendant stated that he understood. The court then discussed the People’s plea offer, which included a sentence of 18 years of imprisonment plus five years of postrelease supervision on the count of attempted murder in the second degree, and an indeterminate term of imprisonment of 5 to 15 years on the count of conspiracy in the second degree, with the sentences to run consecutively. Thus, under the People’s offer, the defendant would be sentenced to a minimum aggregate term of imprisonment of 23 years. The court then stated that, in contrast to the People’s offer, it would not sentence the defendant to an aggregate term of imprisonment of 23 years, but, instead, “would prefer to have a parole hold on you a little longer, all right, but have a shorter period of time on the bottom that you would have to mand[a]torily serve.” The court stated that it was willing to offer a sentence with “the bottom [being] 15 years in state[ ] prison combined,” and, “on the top, [the court] would reserve the right to give [him] as much as — I think I said [15], plus [5], you know, which would be [20] years.”
The defendant stated that he wished to accept the plea offer extended by the County Court. The defendant was sworn in, and pleaded guilty to attempted murder in the second degree and conspiracy in the second degree. At sentencing on August 17, 2011, the court sentenced the defendant to a determinate term of imprisonment of 15 years to be followed by five years of postrelease supervision on the conviction of attempted murder in the second degree, and an indeterminate term of imprisonment of 3 to 12 years on the conviction of conspiracy in the second degree, with the sentences to run consecutively.
As the parties acknowledge, “[t]he Court of Appeals specifically found in [People v Catu (4 NY3d 242 [2005])] that post-release supervision is a direct consequence of certain criminal convictions” (People v Monk, 83 AD3d 35, 37 [2011], affd 21 NY3d 27 [2013]). “As such, a defendant who pleads guilty to a crime resulting in a determinate sentence of imprisonment must be aware of the postrelease supervision component for the plea and sentence to be knowingly, voluntarily, and intelligently chosen from among the options available to the defense” (id.).
It is clear that, at the plea proceeding described above, the defendant was informed that his maximum sentencing exposure on the top count of attempted murder in the second degree, and the People’s offer in connection with the top count, included a period of postrelease supervision. However, with regard to the *1001 plea agreement actually offered by the County Court and accepted by the defendant, the court failed to advise the defendant that the sentence would include a period of postrelease supervision. The defendant was not informed that a period of postrelease supervision would, in fact, be a part of the agreed-upon sentence, and he was not expressly informed that post-release supervision was required by statute to be a part of any sentence with a determinate prison term (see People v Key, 64 AD3d 793, 793-794 [2009]). Unlike the circumstances in People v Blunt (93 AD3d 675 [2012]), here, after informing the defendant that his maximum sentencing exposure included a period of postrelease supervision, the court extended a specific sentence offer, specifying the range of the terms of imprisonment involved (cf. id. at 675), and this offer omitted any reference to post-release supervision. The court has a duty to ensure, at the time a plea of guilty is entered, that the defendant is aware of the terms of the plea (see People v Key, 64 AD3d at 793-794). The County Court’s failure to inform the defendant, at the time he entered his plea of guilty, that his sentence would, in fact, include a period of postrelease supervision, prevented his plea from being entered knowingly, voluntarily, and intelligently. Accordingly, the judgment must be reversed, the plea vacated, and the matter remitted to the County Court, Orange County, for further proceedings (see People v Catu, 4 NY3d 242 [2005]; see also People v Fuertes, 105 AD3d 974, 974 [2013]; People v Campbell, 102 AD3d 979, 979 [2013]; People v Weichow, 96 AD3d 883, 884 [2012]).
The defendant’s remaining contentions are academic in light of our determination. Skelos, J.E, Balkin and Dickerson, JJ., concur.